**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |
|---|---|
| NIKE, INC., *Plaintiff,* v. THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, *Defendants.* | No. 4:26-cv-533-MAL |

## MEMORANDUM AND ORDER

In this Lanham Act case, Nike asks for an *ex parte* temporary restraining order against ninety-three defendants identified—under seal—in "Schedule A" attached to its Amended Complaint that: (1) enjoins the defendants from manufacturing, importing, distributing, offering, and selling infringing counterfeit products using Nike's federally registered trademarks; (2) freezes the defendants' assets; and (3) authorizes expedited discovery of the defendants' financial accounts. *See* (Doc. 13 at 1); (Doc. 14 at 10–13).

To grant such an order, this Court must be able to exercise personal jurisdiction over each of the defendants.  If there is no *in personam* jurisdiction, there can be no injunction.  Because binding Eighth Circuit precedent shows that this Court cannot exercise personal jurisdiction over each of the defendants, *see Brothers & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 950 (8th Cir. 2022), Nike's motion for a temporary restraining order is **DENIED**.

### I. Background

Nike makes and sells athletic footwear, apparel, accessories, and equipment. (Doc. 30 at ¶ 4).  These products are marketed with Nike's famous trademarks to

1

indicate authenticity.  (*Id.* at ¶¶ 5–6.)  The success of Nike's brand has resulted in significant counterfeiting of Nike products.  (*Id.* at ¶ 19). Online stores operating on online marketplace platforms like Amazon, Alibaba, AliExpress, DHgate, eBay, Etsy, Temu, Tik Tok, Walmart, and Wish.com have been found offering knock-off Nike gear.  (*Id.*).  Nike sued Defendants for trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and for creating a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  (*Id.* at 17, 18).

## II. Legal Standard

"The question of jurisdiction is always vital." *Falkirk Min. Co. v. Japan Steel Works, Ltd.*, 906 F.2d 369, 372 (8th Cir. 1990) (quotation omitted).  "Before a district court can reach the merits of a dispute and enter legally binding orders, it must determine as a threshold matter whether it possesses personal jurisdiction over the defendants."  *Id.*  Thus, a court must assure itself that it has personal jurisdiction over a defendant before issuing a temporary restraining order against them.  *See Moore's Federal Practice* - Civil § 65.61 (2026) ("[A] restraining order … is an in personam restraint issued against a party over whom the court has acquired in personam jurisdiction.  If the court lacks personal jurisdiction over a party, it should not enter…a restraining order against that party.").

## III. Analysis

In *Brothers & Sisters in Christ*, the Eighth Circuit held that a district court could not exercise personal jurisdiction over a defendant whose only contact with the forum was a single sale of an infringing good into the forum through a nationally available online marketplace.  42 F.4th at 953–54.  Because that is all that Nike alleges here, it has failed to make even a prima facie showing of jurisdiction.  Thus, the Court must deny Nike's motion for a temporary restraining order.

### A.

"Where the applicable federal statute, here the Lanham Act, does not authorize nationwide personal jurisdiction … the existence of personal jurisdiction depends on the long-arm statute of the forum state and the federal Due Process Clause." *Bros.*

2

*& Sisters in Christ*, 42 F.4th at 951 (citation omitted). "Missouri's long-arm statute authorizes personal jurisdiction over defendants who engage in certain acts, including '[t]he transaction of any business' within the state and '[t]he commission of a tortious act' within the state." *Id.* (quoting Mo. Rev. Stat. § 506.500). Nike alleges that Defendants engaged in both types of acts, so whether this Court can exercise jurisdiction over them turns on whether doing so comports with the Fourteenth Amendment's Due Process Clause. *See id.*

As a matter of due process, courts may exercise personal jurisdiction over a nonresident defendant only if (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co., v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945); *Hawkeye Gold, LLC v. China Nat'l Materials Indus. Imp. & Exp. Corp.*, 89 F.4th 1023, 1032 (8th Cir. 2023).

Contacts with the forum can give rise to two types of jurisdiction: general or specific. Here, Nike relies only on specific jurisdiction, *see* (Doc. 31 at 4–7), which requires Defendants to have "certain minimum contacts with the forum state" and Nike's claims to "arise out of or relate to [those] contacts." *Bros. & Sisters in Christ*, 42 F.4th at 952. To determine whether specific jurisdiction exists, courts in the Eighth Circuit consider the totality of the circumstances using five factors: "(1) the nature and quality of defendant's contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." *Id.* at 952 (cleaned up). "The first three factors are of primary importance and the fourth and fifth factors carry less weight." *Id.* (internal quotation marks omitted).

## B.

In *Brothers and Sisters in Christ*, the Eighth Circuit applied these principles to a trademark rights holder's allegations that a Missouri consumer "accessed [a

3

nonresident competitor's] nationally available website and purchased" a single trademark infringing t-shirt. 42 F.4th at 953. The Court concluded that such "bare-bones" allegations were not enough to support the exercise of personal jurisdiction over the competitor in Missouri. *Id.* So too here.

Nike's allegations in support of jurisdiction over each individual defendant are, at most, that Nike itself accessed a given defendant's nationally available e-commerce store on a third-party website and purchased an infringing good to be shipped to Missouri. (Doc. 30 ¶¶ 2, 21, 32, 33).

Under *Brothers & Sisters in Christ*, that is not enough for this Court to exercise personal jurisdiction. 42 F.4th at 953–54.

Applying the Eighth Circuit's five factor guide for specific jurisdiction confirms this result. Even though this action is directly related to these contacts, the "nature and quality" of each individual defendant's contacts with the forum are poor—each one is an isolated, self-manufactured incident. *See id.* at 952 (citing the factors). And the "quantity of [these] contacts" is as small as it can be—just one order each (if that). *Id.* (same). Thus, two of the three "primary" factors weigh against specific jurisdiction. "The remaining two factors—Missouri's interest in providing a forum for its residents and the parties' convenience—do not tip the balance in" Nike's favor. *Id.* at 953–54. Though Missouri does have an interest in this litigation (factor 4) because the allegedly injured plaintiff (Nike) operates in Missouri, "the convenience of the parties [factor 5] is neutral" because the nonresident defendants "would be inconvenienced by litigation in Missouri," and—given Nike's decision to file its case in Missouri—it would presumably" be inconvenienced by having to litigate in an alternate forum." *Id.* at 954.

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Nike's motion for a temporary restraining order, (Doc. 13), is **DENIED**.

**IT IS FURTHER ORDERED** that Nike **SHOW CAUSE** as to why this action should not be **dismissed for lack of personal jurisdiction** no later than July 10,

4

2026.  Failure to respond to the Show-Cause Order will lead to dismissal of this action without further notice by the Court.

**SO ORDERED,**

This 23rd day of June, 2026.

_____
MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE